| | |
|---|---|
| Douglas Stacey, an individual; Shellie Stacey, an individual, and Jeniece Valley, an individual,<br><br>Plaintiffs<br><br>v.<br><br>Carrington Mortgage Service, LLC, a Delaware limited liability company; Sables, LLC, a Nevada limited liability company,<br><br>Defendants | Case No.: 2:17-cv-02128-JAD-CWH<br><br>**Order Granting Motion to Dismiss**<br><br>[ECF No. 11] |

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Plaintiffs bring this action to stop their lender from conducting a non-judicial foreclosure sale of the home that they haven't paid the mortgage on in eight years. They theorize that the lender's right to sue on the note expired when the six-year statute of limitations expired on June 1, 2016, so any foreclosure is now time barred.[1] But, as the Nevada Supreme Court recently held in *Facklam v. HSBC Bank USA*,[2] non-judicial foreclosures are not judicial actions subject to the six-year deadline, and the lender moves for dismissal on this basis. Because I find that *Facklam* renders the homeowners unable to state a plausible claim for relief, I grant the lender's motion and dismiss this case.

## Discussion

Plaintiffs Douglas Stacey, Shellie Stacey, and Jeniece Valley own the home at 11053 Romola Street in Las Vegas, Nevada. They filed this action after Carrington Mortgage, LLC, the

---

[1] ECF No. 1-1.

[2] *Facklam v. HSBC Bank USA*, 401 P.3d 1068, 1070 (Nev. Sept. 17, 2017).

beneficiary of the deed of trust securing their home mortgage, provided formal notice that it was going to initiate non-judicial foreclosure proceedings because the mortgage has been in default since June 1, 2010. Over three separately pled claims, the homeowners allege that "Pursuant to the Nevada Statute of Limitations at NRS 11.190(1)(b) and NRS 104.3118; Defendants had 6 years from the time of declaring a default and accelerating the loan to commence a foreclosure action to collect the monies owed under its Deed of Trust and Note with the Plaintiffs."[3] Because they "failed to commence and maintain a foreclosure action within" the six years after the June 1, 2010, default, the "Note became unenforceable and invalid," and Carrington can no longer foreclose.[4]

But the notion that the expiration of the right to sue on a note also precludes the lender from foreclosing under a deed of trust was squarely rejected by the Nevada Supreme Court last year in *Facklam v. HSBC Bank*. HSBC was the beneficiary of the promissory note and deed of trust on Facklam's home. Facklam defaulted on her loan in 2009 and again in 2016, and after the 2016 default, HSBC notified her that it was electing to foreclose.[5] Like the homeowners here, Facklam sued to stop HSBC from foreclosing, claiming that HSBC's window to foreclose had shut "because the six-year limitation period began running with the initial notice of default in 2009 and, therefore, expired in 2015."[6] The Court disagreed. It held that NRS 11.190 serves only to bar judicial actions; it is "inapplicable to nonjudicial foreclosures."[7] It reasoned:

> For over 150 years, this court's jurisprudence has provided that lenders are not barred from foreclosing on mortgaged property

---

[3] ECF No. 1-1 at 5.
[4] *Id*.
[5] *Facklam*, 401 P.3d at 1070.
[6] *Id*.
[7] *Id*. at 1071.

> merely because the statute of limitations for contractual remedies on the note has passed.
>
> . . .
>
> HSBC chose to exercise its right to foreclose outside of the judicial arena. NRS 1.190(1)(b) does not override our long-standing precedent that a lender may recover on a deed of trust even after the statute of limitations for contractual remedies on the note has passed.[8]

*Facklam* compels dismissal of all of the homeowners' claims. Though they are structured as three claims—one for declaratory relief and two for wrongful foreclosure—distilled to its essence, the complaint states a single declaratory relief claim that asks the court to declare that Carrington Mortgage can't foreclose because more than six years have passed since the initial default.[9] Because the *Facklam* decision eliminated the homeowners' ability to rely on this legal theory, their claim is no longer plausible. Accordingly, I grant Carrington Mortgage's motion and dismiss this case.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Carrington Mortgage Service, LLC's Motion to Dismiss Complaint **[ECF No. 11] is GRANTED. This action is dismissed with prejudice.** The Clerk of Court is directed to ENTER JUDGMENT in favor of the defendants and against the plaintiff and CLOSE THIS CASE.

Dated: June 4, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[8] *Id*.

[9] *See generally id*. at 5–6.

3